IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROY A. MELANSON,

    Plaintiff,

v.

NURSE MARY JOHNSON,

    Defendant.
                                    /

No. C 11-00446 SBA (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the Fort Lyon Correctional Facility in Fort Lyon, Colorado, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging a claim of deliberate indifference to his serious medical needs, stemming from an incident involving Defendant Nurse Mary Johnson, from the California Forensic Medical Group, that took place on December 12, 2010 while he was incarcerated at the Napa County Jail (NCJ). Plaintiff seeks monetary damages.

His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at the Napa County Jail (NCJ), which is located in this judicial district. See 28 U.S.C. § 1391(b).

## DISCUSSION

### I.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II.    Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).[1]  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  But medical negligence, or even gross negligence, is not enough to state a constitutional claim under 42 U.S.C. § 1983.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (negligence or harassment related to medical problems not enough to state violation of Eighth Amendment).

Plaintiff's allegation that he has the following medical problems supports an inference that he has serious medical needs:  "(1) heart condition - two (2) prior attacks, (2) high blood pressure, (3) diabetes, (4) C.O.P.D - Cronic [sic] Opressive [sic] Pulmonary Disease, (5) acid reflux, (6) deterioration of the bone in [his] right knee and right hip, due to arthritis, [and] (7) nuropathy [sic] [in] both feet."  (Compl. at 17.)  He claims that at 10:00 pm on December 12, 2010, Defendant Johnson "intentionally and knowingly in . . . reckless disregard for [Plaintiff's] guaranteed constitutionally protected rights" gave him "numerous pills and capsules that were intended for another patient," and "[s]hortly thereafter she returned and gave [him his] scheduled medication." (Id. at 6.)  Defendant Johnson's actions caused Plaintiff to be unconscious for three and a half days. (Id.)  Plaintiff claims that he was taken to the "Queen of the Valley Medical Center Hospital in Napa" to get treatment for this "over-dose[]."  (Id.)  Finally, he claims that since December 12, 2010, he suffers from "serious headaches behind his eyes, and confusion, with blank places in [his]

---

[1] It is unclear whether Plaintiff was a pretrial detainee during the time period at issue.  Although a pretrial detainee's medical claim arises under the Due Process Clause rather than the Eighth Amendment, the Ninth Circuit Court of Appeals has made clear that the Eighth Amendment serves as a benchmark for evaluating such a claim.  See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).

2

memory." (Id.) Liberally construed, Plaintiff's allegations state a cognizable deliberate indifference claim against Defendant Johnson. Accordingly, this claim may proceed against this Defendant.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Johnson.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **NCJ California Forensic Medical Group Nurse Mary Johnson**. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the Napa County Counsel's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, she will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **ninety (90) days** from the date their answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **sixty (60) days** after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.

4

Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.      Defendant shall file a reply brief no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

        d.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6.      All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

7.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

8.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

DATED:   10/25/11

SAUNDRA BROWN ARMSTRONG  
United States District Judge

G:\PRO-SE\SBA\CR.11\Melanson0446.Service.wpd       5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ROY A. MELANSON,

        Plaintiff,

  v.

MARY JOHNSON et al,

        Defendant.

Case Number: CV11-00446 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 27, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roy A. Melanson 117654
FLCP
Box 1000
Fort Lyon, CO 81038

Dated: October 27, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk